### UNIVERSAL DISCOUNT CO. v. CORN EXCHANGE BANK.

(Supreme Court, Appellate Term, First Department.   June 12, 1914.)

BANKS AND BANKING (§ 154*)—PAYMENT OF FORGED CHECKS—SUFFICIENCY OF EVIDENCE.

In an action for the amount of a check drawn by plaintiff to the order of Z. and paid by the bank to R. upon Z.'s forged indorsement, evidence *held* insufficient to show that plaintiff or Z. intended R. to have the proceeds of the check assuming that this would be a defense.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 502–512, 515, 516, 518–533; Dec. Dig. § 154.*]

Seabury, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by the Universal Discount Company against the Corn Exchange Bank.  From a judgment for defendant, and an order denying a new trial, plaintiff appeals.  Reversed, and new trial granted.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Marks & Marks, of New York City (Morris Meyers, of New York City, of counsel), for appellant.

I. Gainsburg, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BIJUR, J. Plaintiff sues defendant for the face value of plaintiff's check drawn on the defendant to the order of one Zubow. One Rayvid indorsed Zubow's name on the check and collected the proceeds. Defendant has prevailed on proof of the following circumstances: Rayvid came to plaintiff with two notes, made by Rayvid and indorsed by Zubow, which were thereupon "discounted" by the plaintiff, which gave its check as above recited.

The theory of the defense seems to be that, if the plaintiff or Zubow intended that Rayvid should receive the proceeds of the check, his indorsement of Zubow's name was justified, and no liability would attach to the defendant for having effectuated the purpose of either the maker or the payee of the check. It is not necessary to determine whether this theory was correct, but it may be assumed to be so. There is, however, no evidence from which such intention on the part of either plaintiff or Zubow can be inferred. Plaintiff's president was asked who he expected would pay the notes, and he repeatedly answered that he naturally expected that Rayvid would pay the notes, because he was the maker. There is nothing in this to negative the intention plainly expressed in his check that he intended Zubow to receive the proceeds of the check for he made the check to Zubow's order.

As to Zubow, respondent relies on a verified answer interposed by him in an action brought against him as indorser of the notes by the present plaintiff. In that answer Zubow denied the allegation that he had indorsed the notes for value received, and that it was his intention to charge himself as indorser. Whether this was true or untrue, it is difficult to see how it indicates that he intended that Rayvid should receive the proceeds of plaintiff's check. But, assuming this denial to have been a disclaimer by Zubow of any interest on his part in the notes, and therefore inferentially in the check drawn by plaintiff to his order, nevertheless this must be read in connection with the balance of the answer. In the separate defense, Zubow recites that he indorsed these notes to Rayvid for the purpose of having them discounted; that Rayvid received the check involved in the present action; that Zubow never received the check, never indorsed it, nor received the proceeds of it; and that consequently the consideration for the said notes and the *indorsement of Zubow* utterly failed. Consequently, if any inference were to be drawn from the bare denial above referred to, it is dispelled by the allegations of the separate defense, wherein Zubow asserts, in substance, that he had expected to receive the proceeds of the discount of the notes as consideration for his indorsement thereof.

I fail to find in the record any evidence on which the jury could base a finding that it was intended by either plaintiff or Zubow that Rayvid should receive the proceeds of either the notes or the check. Consequently the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

LEHMAN, J., concurs. SEABURY, J., dissents.